UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMUEL ROBERT BRUNER,

    Petitioner,

v.                                    Case No.:  2:24-cv-750-SPC-NPM
                                                        2:22-cr-18-TPB-NPM

UNITED STATES OF AMERICA,

    Respondent.
                                   /

## OPINION AND ORDER

Before the Court is Samuel Robert Bruner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[1] The United States argues the grounds raised by Bruner are unexhausted and meritless. Bruner did not file a reply.

## Background

On December 1, 2021, Lee County Sheriff's Office deputies encountered Bruner at a Race Trac in Fort Myers, Florida. They found two revolvers, a shotgun, and an assortment of ammunition in a vehicle driven by Bruner. After being advised of his *Miranda* rights, Bruner admitted that his fingerprints would be found on the firearms and that he was a convicted felon.

---

[1] The Court cites to documents from 2:24-cv-7500-SPC-NPM as "Doc. _" and documents from 2:22-cr-18-TPB-NPM as "Cr-Doc. _."

An ATF firearms specialist examined the firearms and ammunition and determined they had traveled in interstate commerce because they were manufactured outside Florida. (Cr-Doc. 49 at 2-3).

On February 23, 2022, the government charged Bruner with knowingly possessing the guns and ammo, with knowledge he had 13 prior felony convictions, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Cr-Doc. 1). About six months later, the government filed a superseding indictment to add the allegation that at least three of Bruner's prior convictions qualified as a violent felony or serious drug offense under § 924(e)(1). (Cr-Doc. 6).

Bruner was represented by the Public Defender's Office until attorney Douglas Molloy entered his appearance on January 19, 2023. (Cr-Doc. 35). On May 30, 2023, Bruner entered a guilty plea without a plea agreement. (Cr-Doc. 23). Judge Thomas Barber accepted Bruner's guilty plea and sentenced him to the statutory minimum sentence of 180 months in prison. (Cr-Doc. 68). Bruner did not appeal. He timely filed the § 2255 motion currently before this Court, and it is ripe for review.

## Legal Standards

### A. 28 U.S.C. § 2255

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to

2

impose the sentence; (3) the sentence was over the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion "may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (stating § 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice" (internal quotations omitted)). The petitioner bears the burden of proof on a § 2255 motion. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citation omitted).

### B. Exhaustion and Procedural Default

Generally, a defendant may not raise a ground in a § 2255 motion if he failed to raise it on direct appeal. *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013). This procedural default rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 504 (2003). But there are two exceptions: "(1) cause and actual prejudice, and (2) actual innocence." *Fordham*, 706 F.3d at 1349.

The first exception requires the petitioner to "show both (1) 'cause' excusing his…procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Id.* (quoting *United States v. Frady*, 456 U.S.

3

152, 168 (1982)). "Actual prejudice means more than just the possibility of prejudice; it requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* (quoting *Ward v. Hall*, 592 F.3d 1144, 1179 (11th Cir. 2010).

The second exception to the procedural default rule is narrow. "To establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Fordham*, 706 F.3d at 1349 (quoting *Bousley*, 523 U.S. 614, 623 (1998)). The Supreme Court has noted "that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. 614.

Claims of ineffective assistance of counsel are exempt from the procedural default rule, so "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brough in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003).

### C. Ineffective Assistance of Counsel

Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel. In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person may have relief under the Sixth Amendment. 466 U.S. 668, 687-88 (1984). A petitioner must establish: (1) counsel's performance was deficient and fell

4

below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Id.* Failure to show either *Strickland* prong is fatal. *See Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010) ("a court need not address both *Strickland* prongs if the petitioner fails to establish either of them").

When considering the first prong, "courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Sealey v. Warden*, 954 F.3d 1338, 1354 (11th Cir. 2020) (quoting *Strickland*, 466 U.S. at 689). The second prong requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 1355 (quoting *Strickand*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome, which is a lesser showing than a preponderance of the evidence." *Id.* (cleaned up). "At the same time, 'it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding' because 'virtually every act or omission of counsel would meet that test.'" *Id.* (quoting *Strickland*, 466 U.S. at 693).

## Discussion

Bruner asserts three grounds for postconviction relief. The first three allege ineffective assistance of counsel. Defendants can raise such claims for

the first time in a § 2255 motion. *See Massaro*, *supra*. So while Bruner did not raise them on direct appeal, they are not procedurally barred.

### A. Ground 1: Trial counsel failed to advise Bruner of *Rehaif v. United States*

The Supreme Court held in *Rehaif* that the term "knowingly" in § 922(a)(2) applies to both the possession and status elements listed in § 922(g). 588 U.S. 225, 230-31 (2019). That means the government was required to prove Bruner both knew he possessed a firearm and knew he was a convicted felon. Bruner argues Molloy provided constitutionally ineffective assistance because he did not advise Bruner of the holding in *Rehaif*. But the superseding indictment gave Bruner notice of the elements of the crime, including that he "knowingly had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year." (Cr-Doc. 7 at 1). The Court also correctly advised Bruner of the elements of the crime at the change of plea hearing. (Cr-Doc. 72 at 9). And Bruner admitted on the record that he knew he was a convicted felon when police found him in possession of the guns and ammunition. (*Id.* at 11).

The record establishes that Bruner had clear and ample notice of the elements of the crime when he pleaded guilty, and he admitted to each element specifically. Even assuming Molloy did not advise Bruner of *Rehaif*, Bruner suffered no prejudice. Ground 1 is denied.

### B. Ground 2: Trial counsel failed to file a motion to dismiss

Bruner argues Molloy should have filed a motion to dismiss based on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Bruner claims *Bruen* made 18 U.S.C. § 922(g)(1) facially unconstitutional. That is not true. *Bruen* dealt with firearm restrictions on law-abiding citizens, not felons. The Eleventh Circuit has held that § 922(g)(1) remains enforceable following *Bruen*. *United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024). A motion to dismiss based on *Bruen* would have been meritless. Molloy cannot be deemed ineffective because he did not file a meritless motion. Ground 2 is denied.

### C. Ground 3: Trial counsel failed to challenge the superseding indictment on double-jeopardy grounds

The Fifth Amendment's Double Jeopardy Clause states that no person "shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. The clause prohibits the government from making repeated attempts to convict an accused, "thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Blueford v. Arkansas*, 566 U.S. 599, 605 (2012).

Bruner argues the government violated the Double Jeopardy Clause by filing a superseding indictment, and he faults Molloy for not challenging the superseding indictment on that basis. Such a challenge would have lacked merit. Jeopardy attaches when the jury is empaneled and sworn, not when the government files an indictment. *Martinez v. Illinois*, 572 U.S. 833, 839 (2014). The superseding indictment did not violate the Fifth Amendment's prohibition on double jeopardy. Again, Molloy cannot be deemed ineffective because he failed to raise a meritless argument. Ground 3 is denied.

**D. Ground 4: The Court lacked jurisdiction to impose a sentence without a jury verdict**

Bruner claims the government and his attorney manipulated him into waiving his Sixth Amendment right to a jury trial, and he argues the right cannot legally be waived. This claim is unexhausted. Bruner alleges he did not raise it on direct appeal because Molloy told him he had no right to appeal. In an affidavit, Molloy states he discussed Bruner's appellate rights with him—Molloy advised he saw no issues to raise on appeal. (Doc. 6-1). The court record refutes the implication that Bruner was unaware of his right to appeal. Judge Barber informed Bruner, "If you want to appeal, you have to do that within 14 days. If you don't appeal within 14 days, you lose your right to appeal. If you can't afford a lawyer for appeal, you get a free lawyer, and I'll take the appeal free, without a filing fee." (Cr-Doc. 73 at 18). Because Bruner was advised on

record of his right to appeal, the Court finds he has not established cause for his procedural default.

Nor has Bruner established prejudice. It is well established that a criminal defendant can waive his right to a jury. *United States v. Joshi*, 896 F.2d 1303, 1307 (11th Cir. 1990). And the transcript of Bruner's change-of-plea hearing establishes that he understood the rights he was waiving by pleading guilty, including the right to a jury trial. (Cr-Doc. 72 at 7-8). This ground does not raise an error that worked to Bruner's disadvantage. Ground 4 is denied as unexhausted and procedurally barred. Even if Bruner had exhausted it, the ground lacks any factual or legal merit.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 335–

9

36 (2003) (citations omitted). Bruner has not made the requisite showing here and may not have a certificate of appealability on any ground of his Motion.

Accordingly, it is now

**ORDERED:**

Samuel Robert Bruner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on January 7, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record